IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| IN RE: } | |
| EDDIE COLE and } | BANKRUPTCY CASE |
| ESTELLE C. COLE, } | |
| 3014 Sellers Road, Dawson, GA 39842, } | NO. 17-10671 |
| SSN: XXX-XX-0138-XXX-XX-1357, } | CHAPTER 13 PROCEEDING |
| Debtors. } | |

### NOTICE OF MODIFICATION OF CHAPTER 13 PLAN BEFORE CONFIRMATION WITH RESCHEDULED CONFIRMATION DATE

EDDIE COLE AND ESTELLE C. COLE HAVE FILED PAPERS WITH THE COURT TO MODIFY THEIR CHAPTER 13 PLAN.

**YOUR RIGHTS MAY BE AFFECTED.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.**  if not served with this notice in accordance with the bankruptcy code or the federal rules of bankruptcy procedure, a copy of the motion to modify plan before confirmation may be obtained upon written request to counsel for the movant (identified below) or at the clerk's office.

**The original confirmation was scheduled for September 11, 2017.**  If you do not want the court to grant this motion, or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response within 21 days from the date of this notice **and attend the rescheduled confirmation hearing noted below.**  If you are receiving this notice by mail, you may add 3 days to the response date.  The objection response should be sent to:  Clerk, U.S. Bankruptcy Court, Middle District of Georgia, P.O. Box 1957, Macon, Georgia 31202.

**The rescheduled confirmation hearing has been scheduled for November 7, 2017 AT 9:00 A.M., at the C.B. King U.S. Court House, 2nd Floor U. S. Bankruptcy Courtroom,  201 Broad Ave.,  Albany, Georgia**.

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive**  the objection or response  on or before the date of confirmation stated above.

Any response or objection shall also be served on the movant.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 3015-2(d)(2)(A).

 Dated this 10th day of October, 2017.

                  CUSTER, CUSTER & CLARK, LLC

                   /s/ Cawthon H. Custer
                  Cawthon H. Custer
                  State Bar No. 261690
                  Attorney for Debtors

P. O. Box 605
Albany, Georgia 31702
(229) 888-1105
custercusterclark@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| IN RE: } | BANKRUPTCY CASE |
| } | NO.  17-10671 |
| EDDIE COLE and } | |
| ESTELLE C. COLE, } | |
| } | CHAPTER 13 PROCEEDING |
| Debtors. } | |

## MOTION FOR MODIFICATION OF PLAN BEFORE CONFIRMATION

The Debtors under the authority of §1323 of the Bankruptcy Code, file this motion for modification of plan and respectfully show:

-1-

Debtors withdraw their Chapter 13 plan heretofore filed and substitute in lieu thereof a plan to increase the monthly payment to Specialized Loan Servicing, LLC in section (b), decrease the amount due and monthly payment to GO Financial, decrease the amount due and monthly payment to Specialized Loan Servicing, LLC in section (g), and increase the trustee payment to $1,427.00.  A copy of the proposed plan is attached hereto.

-2-

After notice and opportunity for objection and upon confirmation, the plan as modified should become the Debtors' plan.

WHEREFORE, the debtors respectfully pray that this motion for modification of plan be approved.

/s/ Cawthon H. Custer
Cawthon H. Custer
State Bar No. 261690
Attorney for Debtors

P. O. Box 605
Albany, Georgia 31702
(229) 888-1105
custercusterclark@gmail.com

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the Notice of Time to Respond, Motion for Modification of Plan before Confirmation and Plan upon the parties listed on Exhibit "A" attached. Those not served by electronic means by the Court's electronic filing system have been served by depositing the same in the United States Mail, properly addressed, with sufficient postage affixed thereto to ensure delivery.

This 10th day of October, 2017.

/s/ Cawthon H. Custer
Cawthon H. Custer
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
Middle District of Georgia

DEBTOR **Eddie Cole**
**Estelle C. Cole**

\* Chapter 13
\* Case No. 17-10671

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of **$ 1,427.00 monthly**.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| Specialized Loan Servicing LLC | July, 2017 | $1,030.22 |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| GO Financial | 15.00 |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|
| -NONE- | | | | |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| GO Financial | 3085 | 4500 | 4.5% | 2011 Chevy HHR | 58.00 |

(f) *Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of $ __3250.00__ to be paid as follows:

| | MONTHLY PAYMENT AMOUNT |
|---|---|
| -NONE- | |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE | COLLATERAL | MO. PMT AMT |
|---|---|---|---|---|
| Specialized Loan Servicing LLC | 9,194 | included | MORTGAGE ARREARS | 154.00 |

(h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| -NONE- | |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of %.(If this is left blank, no interest will be paid).

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| -NONE- | |

(j) The following unsecured claims are classified to be paid at 100%. These payments **will / will not** be made simultaneously with payment of the secured debt:

-NONE-

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:

-NONE-

(m) Special provisions:

    **(1) DEBTORS WILL SEND PAYMENT DIRECTLY TO THE COURT.**

    **(2) Upon confirmation of this plan, the court is confirming the debtor(s) has provided all necessary pay stubs as required and is otherwise in compliance will 11 U.S.C. § 521 (a) (1).**

    **(3) Upon discharge, all purchase money and non-purchase money, non-liens and/or judicial/statutory liens in favor of the above secured creditors will be avoided pursuant 11 U.S.C. §522(f), and upon notice of discharge, the creditors shall cancel said lien(s) of record within 15 days of notice. GO FINANCIAL.**

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

    (i) Debtor will pay all of his disposable income as shown on Form B22C of $___ to the non priority unsecured creditors in order to be eligible for a discharge.

    (ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $____. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

    (iii) The debtor will pay $____ to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid:

(1) __0__ % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii), or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

(2) the debtor(s) will make the payments for ____ months and anticipates a dividend of ____, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor at the time of confirmation shall be insured by the debtor. The chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date  10-10-17

Signature  /s/ Eddie Cole
Eddie Cole
Debtor

Date  10-10-17

Signature  /s/ Estelle C. Cole
Estelle C. Cole
Joint Debtor

**Eddie and Estelle C. Cole**
**Case No. 17-10671**
**Exhibit "A"**

Georgia Department of Revenue
Bankruptcy Section
1800 Century Blvd NE, Ste 17200
Atlanta, GA 30345

US Atty Gen/Dept of Justice
Tax Division/P. O. Box 14198
Ben Franklin Station
Washington, DC 20044

Internal Revenue Service
Centralized Insolvency Operations
P O Box 7346
Philadelphia, PA 19101-7346

United States Attorney
P O Box 1702
Macon, GA 31202-1702

Georgia Income Tax Division
1105 W Broad Ave, Ste D
Albany, GA 31707

Collection Bureau Of SW GA, Inc.
P. O. Box 70898
Albany, GA 31708

Dawson Manor Nursing Home
1159 Georgia Ave. SE
Dawson, GA 39842

Georgia Department Of Revenue
1105 W. Broad , Ste D
Albany, GA 31707

GO Financial
ATTN: Customer Service
P.O. Box 29294
Phoenix, AZ 85038

Grady EMS
Digitech Computer Inc. billing
480 Bedford Rd Bldg 600 2nd Fl
Chappaqua, NY 10514

Phoebe Physicians Group, Inc.
A/K/A Practice Plus Of SW GA
P.O. Box 3109
Albany, GA 31706

Phoebe Putney Memorial Hospital
P.O. Box 3770
Albany, GA 31706

Specialized Loan Servicing LLC
Attn: Customer Service
P.O. Box 63005
Littleton, CO 80163-6005

Union Credit Corp
P.O. Box 71666
Albany, GA 31708-1666

Kristin Hurst
Chapter 13 Trustee
P. O. Box 1907
Columbus, GA 31902

Eddie Cole
Estelle C. Cole
3014 Sellers Road
Dawson, GA 39842